IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD JEFFREY STEWART #A01359 :

   Plaintiff :

   v. : Civil Action No. PJM-07-1268

STATE OF MARYLAND :

   and :

RIVERDALE PARK POLICE :
DEPARTMENT

. . . . . . .o0o. . . . . . .
**MEMORANDUM OPINION**

      Before the Court is a pro se 42 U.S.C. § 1983 civil rights Complaint for miscellaneous relief filed by Harold Jeffrey Stewart, who is confined at the Prince Georges County Detention Center, alleging that "the local authorities involved with the investigation deliberately withheld vital and essential *Brady* material facts known to the local police... in order to unconstitutionally violate the [his] due [process] rights...." Although Plaintiff has neither submitted the civil filing fee nor moved for leave to proceed in forma pauperis, he will be granted in forma pauperis status for the purpose of preliminary review. As such, his claims will be reviewed pursuant to 28 U.S.C. § 1915A, a provision that requires courts to screen civil actions brought by prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted.

      To the extent Plaintiff is seeking injunctive or declaratory relief with regard to the constitutionality of his convictions, the case shall be summarily dismissed without prejudice as his § 1983 claim is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors who had prosecuted him and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at his trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the action had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7.

Plaintiff's pro se claims go directly to the legality of his arrest.[1] A judgment in his favor would bring into question the validity of his Prince George's County arrest and any subsequent conviction, which does not appear to have been overturned.[2]

Under the rule of *Heck*, his civil rights claims may not proceed in this Court at this time. A separate Order follows.

June 22, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] It is unclear whether Plaintiff has been convicted on charges stemming from this encounter with police, or is currently awaiting trail and/or sentencing in connection with same.

[2] If it is Plaintiff's intent to file a petition for writ of habeas corpus, it is suggested that he refer to the 28 U.S.C. §2254 forms and information packet previously sent to him in Civil Action No. PJM-07-488 (D. Md).

3